Littleton, Judge,
delivered the opinion of the court:
Plaintiff, an honorably, discharged veteran with a service-connected disability, sues to recover compensation for salary of which he alleges he was illegally deprived for the period September 26, 1946, to August 31, 1947, on the ground that his separation from Government service through reduction in force was contrary to and in violation of Section 12 of the *534 Veterans’ Preference Act of 1944 [1] and regulations of the Civil Service Commission promulgated thereunder, and, also, on the ground that War Department regulations were also contravened.
Plaintiff was employed by the Ordnance Department of the Army from March 16, 1941, to November 26, 1946,[2] except for a period of military service in 1943. In October of 1942 he was transferred from the Office of the Chief of Ordnance, Washington, D. C., to the Ordnance Department at Large, Tank and Automotive Center, Detroit, Michigan. The notice of transfer stated that it was to “temporary duty station,” for an indefinite period. Plaintiff’s transfer was thereafter made permanent, and he continued to work at the Detroit Arsenal.
In the summer of 1946 there began a reorganization of certain functions of the Detroit Arsenal. In the course of reorganization some of the functions were transferred to the Office of the Chief of Ordnance, Washington, D. C. The work plaintiff had been performing at Detroit was included in a new position in Washington which, according to its specifications, required engineering knowledge and experience plaintiff did not possess. The position held by him at the Detroit Arsenal was ultimately abolished.
On August 9, 1946, plaintiff was “referred against”[3] the position of Chief, Engineering Eecords Branch, Engineering Service Division, Detroit Arsenal. Three days later the Civilian Personnel Officer was advised that plaintiff lacked the necessary technical experience for the position. On August 26,1946, plaintiff was notified of his separation from the service through reduction in force, effective November 26,1946, active duty to cease as of September 26,1946. See finding 6. At this time plaintiff was serving as an Industrial Specialist, CAP-12, with a base salary of $5,905 per annum.
During November 1946 plaintiff was referred against a number of positions (see finding 8) at the Detroit Arsenal, *535 but was found not qualified for any of them because of his lack of experience in some phase of the work.
Some time between November 1946 and March 1947 plaintiff appealed to the Civil Service Commission, complaining specifically of the failure of the Detroit Arsenal to offer him the position held by Thomas Conlon, Automotive Specialist, CAF-11, or the position held by Howard Kersten, Industrial Specialist, CAF-11, both of whom had lower retention rights than plaintiff. See findings 8 and 9. The Seventh United States Civil Service Begion, to which plaintiff’s appeal was referred, found that plaintiff met the minimum qualifications for the Conlon and Kersten positions.
On March 14,1947, the Arsenal offered plaintiff a CAF-7 administrative assistant position, for which he had been considered during November 1946 and for which he had been found not qualified. On March 20, plaintiff advised the Arsenal that his decision on this offer must be held in abeyance pending the outcome of his appeal to the Commission, and on April 1 plaintiff was notified that the offer of a CAF-7 position was withdrawn.
On May 9,1947, the Civilian Personnel Officer was advised that plaintiff’s referral against the Conlon position could not be approved because of plaintiff’s lack of experience, and that the time required to train a new employee for the position would cause undue interruption of the activities of the office.[4] On the same day the Civilian Personnel Officer was also advised, with respect to the Kersten position, that the time required to train a new employee would be ninety days, which would, at that time, cause further interruptions to present organizational plans.
On May 14, 1947, the Acting Begional Director, Seventh United States Civil Service Begion, wrote plaintiff (finding 18) that consideration had been given him for the positions held by Conlon and Kersten, but that the Detroit Arsenal was unwilling to replace either of the incumbents with plaintiff, because “although you meet the minimum qualifications, your experience does not meet the requirements.” The Acting Begional Director then stated that his office concurred in *536 this opinion, and ruled that the offer of employment made to plaintiff on March 14,1947, as an administrative assistant, CAF-7, was a reasonable one. It was suggested that plaintiff contact the Arsenal advising whether he would accept the position, which, the letter indicated, was still open. Plaintiff did not accept the offer.
Some seventeen months later, plaintiff requested an opportunity to appear personally before the Civil Service Commission, in connection with his reduction in force. On December 15, 1948, the Commission advised plaintiff (finding 20) that in view of all the circumstances of the case, especially since more than a year had elapsed since the decision of the Regional Office, plaintiff’s request that the case be reopened was denied.
Where the procedural requirements incident to the removal or separation of a Government employee are complied with, the court has no jurisdiction to interfere with the action of the administrative agency, absent a showing that the action complained of was arbitrary, capricious, or so erroneous as to imply bad faith. O'Brien v. United States, 124 C. Cls. 655; Elchibegoff v. United States, 123 C. Cls. 709; Love v. United States, 119 C. Cls. 486, cert. den. 342 U. S. 866. There is neither pleading nor proof in the case before the court which would authorize us to consider the merits of the case, and our inquiry is accordingly limited to determining whether procedural rights have been violated. August Joseph Engelhardt v. United States, 125 C. Cls. 603.
Plaintiff asserts that his separation was illegal and improper, because rights afforded him by Civil Service Commission regulations and by War Department regulations were violated. He contends, with respect to Civil Service Commission regulations, (1) that he was entitled to reassignment in-either of two (the Conlon or Kersten) positions, held by employees with lesser retention rights; (2) that he was entitled to reassignment rights in another geographical area, since he was in retention group A-l with more than five years’ Federal service; and (3) that the notice of separation was procedurally defective, since it did not advise him of his right to appeal the agency’s action to the Civil Service Commission. Plaintiff finally argues that he was *537 refused reassignment or reemployment rights in Washington, D. C., although War Department regulations required his reassignment or reemployment here. Defendant takes the position that plaintiff has been deprived of no procedural rights under Civil Service Commission regulations, and that he does not come within the terms of the War Department regulation concerning reassignment rights. We agree with defendant’s position under the facts in this cage.
Plaintiff’s first contention is premised on the finding by the Civil Service Eegional Office that he met the minimum qualifications for the Conlo'n and Kersten positions. Plaintiff argues that minimum qualification for a position entitles him, without more, to reassignment under Civil Service Commission regulations, and that the refusal of the Arsenal to reassign him to either of the two positions was a violation of his procedural rights. This .defendant disputes.
The Civil Service Commission regulation[5] upon which plaintiff relies requires, inter alia, that an otherwise qualified veterans’ preference employee be placed in a position which “he could fill without undue interruption to the activity involved.” The officials of the Detroit Arsenal ruled in effect and substance that plaintiff could not fill either of the two jobs without undue interruption to the activity involved. The Eegional Office of the Civil Service Commission concurred in the ruling. In the absence of factors not here shown, this exercise of administrative discretion is final and is determinative of the issue.[6]
The task of the courts in civil service cases is a limited one. It is not within the province of the courts to compare and decide upon the qualifications of a plaintiff for a Government job with those of the incumbent, nor may they weigh the merits of an individual’s claim to a Government job, Powell v. Brannan, 196 F. 2d 871, unless there are unusual circumstances not found in the present case. The responsibility for making the decisions necessary to the disposition of a referral against an incumbent’s position is placed upon *538 the agency involved and the Civil Service Commission, and in the absence of such circumstances, the courts must leave it there.
We hold, therefore, that since it has been found that plaintiff could not fill either of the two positions to which he claims entitlement without undue interruption to the activity involved, his initial contention is without merit.
Plaintiff asserts that he was entitled to reassignment rights in other geographical areas. The Commission’s regulation [7] to which plaintiff refers us became effective January 15,1947. This is, of course, subsequent to plaintiff’s separation from the service on November 26,1946. The regulation states, in part, that “Offers of reassignment of status employees in subgroup A-l shall be made prior to the expiration of the first sixty days of non-duty status.” Plaintiff argues that as the first sixty days of his non-duty status had not expired at the time the regulation became effective, he is entitled to the rights and benefits conferred by it. Defendant contends that plaintiff may not rely on regulations effective after his separation from the service.
We agree with defendant that plaintiff, having been separated prior to the effective date of the regulation, may not take advantage of its provisions.[8] As a general rule, statutes are to be considered prospective in their operation, unless there is a clear intent to give them retroactive effect. Harvey v. Tyler, 2 Wall. 328. And an administrative regulation is subject to the rule equally with a statute. Miller v. United States, 294 U. S. 435, 439. Plaintiff therefore may not recover on the basis of this contention.
Plaintiff also contends that the notice of separation through reduction in force was procedurally defective, since it did not inform him of his right to appeal the proposed action to the Civil Service Commission.[9] Defendant urges that plaintiff *539 was not deprived of any procedural benefits under the Act and the regulations by the failure of the notice to inform plaintiff of his right to appeal. In our opinion the portion of the notice quoted in finding 6 disposes of this claim of plaintiff.
Plaintiff was advised after receiving the notice, if he was not already aware, of his right to appeal. He admittedly was not prejudiced by the failure of the notice to contain in specific words this information, and as we have heretofore indicated, he did appeal to the Civil Service Commission, obtaining an adverse decision from the Commission’s regional office.[10]
We are of the opinion, and we hold, that under the above facts and circumstances, plaintiff has not been deprived of any substantial procedural rights accorded him by Civil Service Commission regulations issued pursuant to Section 12 of the Veterans’ Preference Act of 1944, supra. The failure of the notice of separation to inform plaintiff specifically of his right to appeal the proposed action to the Commission, did not constitute a fatal procedural defect, and plaintiff’s separation through reduction in force should not be set aside on this ground. Cf. Stringer v. United States, 117 C. Cls. 30.
Plaintiff’s final contention is that the refusal to accord him reassignment or reemployment rights at his previous place of employment, that is, Washington, D. C., was contrary to War Department regulations.[11] Defendant urges *540 that plaintiff does not come within the purview of the regulation upon which he relies.
Plaintiff was transferred, on October 24, 1942, from the Office of the Chief of Ordnance, Washington, D. C., to the Ordnance Department at Large, Tank and Automotive Center, Detroit, Michigan. This transfer was to a temporary duty station for an indefinite period, although subsequently made permanent. Defendant does not dispute that travel to the new station was at Government expense, but-argues that plaintiff was not “one of .an initial- cadre,” and that the regulation is consequently inapplicable.
If we assume for present purposes that plaintiff would otherwise be entitled to recover, we are of the opinion that he does not come within the scope of the War Department Civilian Personnel Regulation upon which his. final argument is based, and that it is consequently inapplicable. -
The terms of the regulation would seem to create in transferred personnel rights to continued employment or reemployment where the employee transferred was “one of an initial cadre for a new installation.”. Inherent in .the words “initial cadre” is the concept of key personnel, the nuclei around whom may be formed an expanded organizational structure. This implication is further emphasized by the requirement that the.transfer be. to a new installation. The evidence does not establish that plaintiff was transferred, to Detroit as “one of an initial cadre” within what we conceive to be the meaning of the regulation.
We express no opinion as to whether or not plaintiff would be entitled to recover had a contrary-factual conclusion been reached. We hold that plaintiff, not being within the terms of the regulation upon which he grounds his final contention, may not recover thereon.
The question of whether of not plaintiff is precluded from the relief he seeks by the doctrine of laches, as the Government urges, need not be answered, in view of our conclusions above. For the reasons heretofore given, plaintiff’s contentions are without merit, and he may not recover. The petition is accordingly dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.
*541 FINDINGS' OF FACT
The court makes findings of fact, based upon, the evidence, the report ofCommissioner W. Ney Evans, and the briefs and argument-of counsel, as follows:
1. Plaintiff is a citizen of the United States. He was in military service from May -26 to December 20, 1948, and was honorably discharged with a service-connected disability. Except for this period of military service; plaintiff was employed by the Ordnance Department of the Army from March. 16, 1941, to November 26, 1946. After his return from military service plaintiff had a ten-point Civil Service preference.
2. Pursuant to notice dated October 12,1942, and effective October 24, 1942, plaintiff was transferred from the Office of the Chief of Ordnance, Departmental (Washington), to the Ordnance Department at Large (Field), Tank and Automotive Center, Detroit. The notice, stated that the transfer was “effective upon entrance on duty at temporary duty station * * * Detroit * * * for an indefinite period.” Plaintiff was paid per diem in lieu of subsistence for 30 days after the transfer. Payment of such per diem was then discontinued. Subsequently, the transfer of plaintiff to the field .was made permanent, and he continued in employment at the Detroit Arsenal.
3. In the summer of 1946, a reorganization of certain functions of the Detroit Arsenal was begun, in the course of which some of its functions were transferred to the Office, Chief of Ordnance, Washington. The work being done by plaintiff at Detroit was included in a new position, in Washington, the specifications of which required engineering knowledge and experience which plaintiff did not possess. The position held by plaintiff at the Detroit Arsenal was ultimately abolished.
Plaintiff was aware of the reorganization and knew that his position might be in jeopardy.
4: On July 24,1946, the Chief, Placement Branch, Civilian *542 Personnel Division, Detroit Arsenal, wrote plaintiff as follows:
The Placement Branch will exert every effort to attempt placement for you prior to separation. _ It is requested that you advise whether or not you will accept a lower classification. * * *
On July 25,1946', plaintiff replied:
The writer is reluctant to take a reduction in grade, at this time, in view of the fact that the retention register carries on it, personnel in the same grade who have lesser retention points and in a lower category.
5. On August 9,1946, plaintiff was referred by the Civilian Personnel Officer of the Detroit Arsenal for interview for possible replacement of the incumbent of the position of Chief, Engineering Becords Branch, Engineering Service Division, Detroit Arsenal.[12] On August 12,1946, the Chief, Development and Engineering Department, advised the Civilian Personnel Officer that plaintiff lacked the necessary technical experience for the position.
6. On August 26, 1946, while employed as an Industrial Specialist, CAF-12 (base salary $5,905 per annum), at the Detroit. Arsenal, plaintiff was notified of his separation from the service, through reduction in force, effective November 26, 1946, active duty to terminate on September 26, 1946. The separation notice did not inform plaintiff of his right to appeal the action to the Civil Service Commission, but did contain the following:
If you have any question with respect to this action and its conformance to Civil Service rules and regulations, the Employee Belations Section, Civilian Personnel Branch, Personnel Building, is available to advise you of the provisions of the governing regulations.
After receiving the separation notice plaintiff was advised (if he did not already know) of his rights under Civil Service regulations. He was not prejudiced by the failure of *543 the notice of separation to advise him specifically concerning his right of appeal.
7. On September 18, 1946, the Commanding Officer of the Detroit Arsenal advised the Chief of Ordnance, Washington, that four named employees of the Detroit Arsenal (plaintiff included) had reemployment rights in the Office, Chief of Ordnance, Washington. On September 20, 1946, the Chief of Ordnance advised the Detroit Commanding Officer that he was mistaken; that plaintiff (and the others) did not have reemployment rights in Washington; that there was no position in the Office, Chief of Ordnance, to which any of the named employees could be transferred; but that the Office, Chief of Ordnance, would assist any of such employees, if they came to Washington, in locating positions there elsewhere than in the Office, Chief of Ordnance.
8. During November 1946, plaintiff was referred against 20 other positions at the Detroit Arsenal, including positions of three CAF-11, one CAF-10, eight CAF-9, five CAF-8, and three CAF-7. The responsible officials to whom plaintiff was referred for interview found him not qualified for any of these positions because of lack of experience in some technical phase of the work, and so certified to the Civilian Personnel Officer.
9. Some time between November 1946 and March 1947, plaintiff appealed to the Civil Service Commission, complaining specifically of the failure of the Detroit Arsenal to offer him a position in replacement of Thomas Conlon, Automotive Specialist, CAF-11, or Howard Kersten, Industrial Specialist, CAF-11. Both Conlon and Kersten held retention rights lower than those of plaintiff. Plaintiff had been referred against the position held by Conlon in November 1946, and had been found not qualified.
10. At some point in the proceedings the Seventh United States Civil Service Regional Office (to which plaintiff’s appeal had been referred) found that plaintiff met the minimum qualifications for both positions described in the preceding finding.
11. On March 13, 1947, the Civilian Personnel Officer of the Detroit Arsenal wrote the Chief, Development and Engineering Department, as follows:
*544 1. The position formerly held by Mr. Ciaffone was abolished and Mr. Ciaffone is being referred to your Department for placement on position presently held by Howard Kersten, Industrial Specialist, CAF-11, inasmuch as Mr. Ciaffone meets the minimum qualifications of the position, and is an A-l employee entitled to any position for which he is qualified, which is held by a person with lower retention credits.
2. If personal interview is desired, Placement Branch will contact the applicant immediately upon receipt of a telephone call from your office to that effect.
3. Form WD-72 should be initiated by your office, within 48 hours as a name case, indicating the replacement of Mr. Kersten. Mr. Kersten may be retained a sufficient period of time to train Mr. Ciaffone.
4. If for any special reason you cannot replace the present incumbent with Mr. Ciaffone, justification must be- made in accordance with policy regarding Separation for Reduction-in-Force, as covered in Detroit Arsenal Order 125-46, paragraph 17, and forwarded to Placement Branch immediately.
12. On March 14, 1947, the Detroit Arsenal offered plaintiff one of the three positions, CAF-7, administrative assistant, for which he had been considered in November 1946 and found not qualified.
13. During March 1947, plaintiff was also referred against two positions CAF-12, and one CAF-11, and found not qualified for any of them because of lack of experience in some technical phase of the work.
14. On March 20,1947, plaintiff wrote the Detroit Arsenal as follows:
Reference is made to your telegram 14159 wherein your installation offered me a position as Administrative Assistant CAF-7, $4,149.60 per annum.
My decision must be held in abeyance for the time being since it would have to be predicated and contingent upon the final decision of the Seventh Regional Office regarding my appeal in the Reduction in Force procedure pertaining to my case.
I have not received the decision of the above mentioned office as yet. When this has been done, I can then notify you concerning the job offered, which I consider not a reasonable one as clearly stipulated in CPIN61.5.
*545 However, undbr no condition must this be construed as a rejection of that offer, not that my case is to be considered closed.
15. On April 1, 1947, the Detroit Arsenal notified plaintiff that the offer of a position as Administrative Assistant, CAF-7, was withdrawn.
16. (a) On April 23, 1947, the Civil Service Commission rated plaintiff as eligible for the position of Industrial Specialist, CAF-12, with a numerical rating of 92.17,
(b) During plaintiff’s employment by the Detroit Arsenal, he was given a meritorious civilian service award for outstanding service, a commendation for faithful, conscientious effort, and two cash awards for suggestions.
17. (a) On May 9, 1947, the Chief, Development and Engineering Department, Detroit Arsenal, wrote the Civilian Personnel Officer, with respect to replacement of Conlon by plaintiff, that:
1. This office cannot approve the applicant referred against the subject position because of his lack of necessary experience in this particular field.
* * * * *
3. In order for an applicant to be considered for the subject position, he should have had at the very least seven (7) years of actual experience in engineering records work, writing parts lists and notices.
4. The time required to train a new employee qualified for the subject position would be approximately six (6) months and would cause undue interruption of the activities of this branch.
*****
(b) On May 9, 1947, the Chief, Development and Engineering Department, Detroit Arsenal, wrote the Civilian Personnel Officer, with respect to replacement of Kersten by plaintiff, that:
*****
3. The time required to train a new employee qualified for the position would be approximately ninety days. (90) and at this time, would cause further interruptions to our present organizational plans. In view of the pending reduction-in-force and reorganization, it is felt that the status of this position may not be de *546 termined at this time. Therefore, it is felt that in fairness to Mr. Ciaffone, consideration for replacement be suspended until the status of this position is established.
(c) If the status of the Kersten position was thereafter established, plaintiff was never notified of the action.
(d) On March 18, 1947, the Chief, Development and Engineering Department, had advised the Civilian Personnel Olficer with respect to replacement of Kersten by plaintiff, that “This office cannot approve the applicant referred against the subject position due to lack of experience in this particular field.”
18. On May 14,1947, the Acting Regional Director, Seventh United States Civil Service Region, wrote plaintiff as follows (in part) :
With further reference to your appeal from the reduction in force action effected by the Detroit Arsenal, we have made a thorough investigation of the employment situation at that place ***.*** you meet the minimum requirements for certain positions at the Tank Arsenal and recommendations were made to the Arsenal that you be considered for those positions. * * * Consideration was given you for the positions presently held by Thomas Conlon, Automotive Specialist, CAF-11, and Howard Kersten, Industrial Specialist, CAF-11. The Arsenal, through its operating officials, is unwilling to consider you for these positions because although you meet the minimum qualifications, your experience does not meet the requirements. * * *
This office is constrained to concur with the opinion of the Detroit Tank Arsenal and we are of the opinion, therefore, that the offer of employment as Administrative Assistant, CAF-7, $4,149.60 per annum which was made you March 19, is the best offer which could be made you at this time, and in view of the situation at the Detroit Tank Arsenal, it must be considered a reasonable offer.
It is suggested that you contact the Detroit Arsenal immediately, advising whether or not you are willing to accept this position. The offer is still open at this time.
19. Plaintiff did not accept the position of Administrative Assistant, CAF-7, at the Detroit Arsenal.
20. On December 15, 1948, the President of the United States Civil Service Commission wrote plaintiff as follows:
*547 I have your letter of October 28,1948, requesting that you be afforded an opportunity to appear personally before the Commission in connection with your separation by reduction in force from the Detroit Tank Arsenal * * *.
An examination of the file in your case discloses that under date of May 14,1947, the Acting Regional Director of the Seventh Civil Service Region, Chicago, Illinois, advised you of the decision of that office that the offer of employment as Administrative Assistant, CAF-7, $4,149.60 per annum, which had been made you on March 19,1947, was reasonable. The file does not disclose that you appealed this decision, but there is a notation in the file to the effect that on June 23, 1947, you visited the Personnel Classification Division of the Commission, at which time you advised that it was your expectation to secure a position in Washington and that if it did not materialize you might wish to submit additional information concerning your status with the Detroit Tank Arsenal. Your letter states that in August 1947 you entered employment with the State Department in a CAF-12 position and that you proposed to file an action to recover salary lost as a result of your separation from employment with the Detroit Arsenal.
In view of all the circumstances in the case, especially the fact that more than one year has elapsed since the Seventh Civil Service Region advised you of its final decision in your case, the Commission has decided to deny your request that your case be reopened. Consequently, no hearing before the Commissioners will be scheduled.
21. Plaintiff was not considered for reassignment by the Ordnance Department of the Army in any geographical area other than that of the Detroit Arsenal.
22. It is not established by the evidence that plaintiff was transferred as “one of an initial cadre for a new installation,” within the meaning of War Department Civilian Personnel Regulation (CPR) 61.5-3, September 17,1945.
23. The good faith of the officials of the Detroit Arsenal, the Office, Chief of Ordnance, and the Civil Service Commission, in the determinations and rulings described in these findings, is not in issue in this case.[13]
*548 (a) Between September -26, 1946, and August 31, 1947, plaintiff performed no work for which he received compensation.
(b) Plaintiff testified that his accrued annual leave expired on or about November 26,1946.
(c) He received unemployment benefits at the rate of $20 per week from January 14 to August 28, 1947, in the total amount of $660.
CONCLUSION 03? LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is not entitled to recover, and the petition is dismissed.

 58 Stat. 387, 390, 5 U. S. C. (1946 Ed.) § 861.

 Plaintiff’s last day of active duty was September 26, 1946. He was separated on November 26, 1946. Plaintiff testified that his accrued annual leave aspired on or about the latter date.

 See finding G, footnote.

 Plaintiff had been referred against the Conlon position in November 1946, and had been found not qualified.

 10 F. E. 12184; 5 CFE, 1945 Supp., § 12.309 (d).

 Plaintiff recognizes the ruling, but would apparently place the burden of justifying it here upon defendant. In plaintiff’s brief it is argued that “since plaintiff was qualified for these jobs, there could be no showing of undue interruption by a mere allegation to that effect.”

 12 F. R. 59; 5 CPR, 1947 Supp., § 20.9 (d)’ effective January 15, 1947.

 We do not consider the regulation itself, in view of this conclusion.

 5 CFR, 1945 Supp., § 12.310, provides in pertinent part:
.§ 12.310 Hotioe to employees. Each employee affected by a reduction in force shall be given an individual notice in writing at least thirty .days before the action becomes effective * * *. Such notice shall inform the employee of: * * *
.(e) His right to appeal the proposed action to the Commission (departmental employees in the Washington area to the Central office and Others to the appropriate regional or branch office) within ten days from the receipt of notice * * *.

 5 CFR, 1945 Supp., | 12.314, states to part:
§ 12.314 * * * With respect- to reductions in force outside the Washington, D. C., area, the decision of the Commission’s regional director is the decision of the Commission on appeal.

 War Department Civilian Personnel Regulation (CPR)- 61.5, September 17,1945, provides in part:
5-3. Transfers of employees with reemployment rights. — a. During the period of the -war, large numbers of employees were transferred between War Department installations. Normally such transfers did not specify or imply that the employee had any reemployment rights in his former employing installation. However, in many instances, transfers were made under such circumstances that the Department is under obligation to continue the employment or effect the reemployment of transferred personnel. These circumstances are as follows: * * *
(3) Where the employee was transferred as one of an initial cadre for a new installation, irrespective of whether or not a reemployment agreement was formalized, provided travel to the new station was at Government expense. * * *
(c) The previous employing installation is under obligation to effect the transfer or reemployment of the employee to any position which he may be qualified to fill even though such action may require a reduction in force. Discharge of this obligation is modified only to the following extent: * * *

 In personnel jargon this process Is known and Is hereinafter described by the phrase “referred against” such and such a position. If the person “referred against” a particular position was found qualified for the position, and if he held higher retention rights than the incumbent of the position, he was entitled to be certified to the position, thereby “bumping” the incumbent.

 Plaintiff testified to facts which, if established, would have tended to impugn the good faith of officials of the Detroit Arsenal. When counsel for defendant objected and moved to strike the testimony, counsel for plaintiff acquiesced in the motion to strike.