MaddeN, Judge,
delivered the opinion of the court:
The plaintiff, a veterans’ preference eligible, sues for back pay from June 26,1953, the date on which he was separated from his position in the Office of the Secretary of Defense. He asserts that his separation was in violation of his rights under the Veterans’ Preference Act of 1944 and under the regulations of the Civil Service Commission.
The plaintiff was employed in the Munitions Board, Office of the Secretary of Defense, as an Industrial Specialist (Controls Methods), in position No. 1600-1-156-12, Munitions Board, Office of Priorities and Controls, Grade GS-13. He was in the classified service, was a veterans’ preference eligible, and hence was in retention subgroup I-A. On April 12,1953, he was reassigned to the position of Industrial Specialist, position No. 1600-3-97-3, Grade GS-13, in the same office.
The plaintiff complains that this reassignment was a reduction in rank without the required 30-day advance written notice. We see nothing in this contention. The reassignment was the result of a review of the job classifications of all civilian positions in the Office of Priorities and Controls, and all civilian employees of that office were reassigned to new positions on the same date. The reassignment does not aDpear to us to be a reduction in rank, and the plaintiff does not tell us wherein it was such a reduction.
On April 20,1953, the plaintiff received a notice of a proposed reduction in force to be effective May 31 due to reorganization and curtailment of funds. On May 13 he was advised that he was to replace a person in a lower retention subgroup in the same competitive level, and that the notice of April 20 was, therefore, rescinded. On May 19 he was advised that his position had been abolished and on May 25 was given a notice of a proposed reduction in force, effective June 26.
During the period covered by the events recited above, the staff of the Office of Priorities and Controls, in which the plaintiff was employed, was reduced from 45 to 8 employees. The functions of the Industrial Specialists on the staff were not transferred elsewhere, nor continued under another name, they were abolished. All of the persons on the plaintiff’s re *338 tention register were separated at or about the same time as the plaintiff.
During the pendency of the proposed reduction in force, the plaintiff discussed with the Personnel Division his rights to displace persons in other positions in the Office of the Secretary of Defense. Under Section 12 of the Veterans’ Preference Act of 1944, 58 Stat. 390, 5 U. S. C. 861, and the regulations of the Civil Service Commission, 5 C. F. R. (1954 Supp.), Sec. 20.2 (c), (d), and (f), and Sec. 20.5 (b) (1) and (2), the plaintiff was entitled to displace a person in the same or another competitive level in his competitive area if the person to be displaced had a lower subgroup standing, and if the plaintiff was qualified for the position. “Qualified” meant, according to Sec. 20.2 (d) of the Regulations:
* * * having the basic education and experience, and such special skills and aptitudes as are necessary, to take over the position * * * and render satisfactory service without undue interruption to the work program.
The plaintiff expressed a desire for one of four different designated positions, to which he was entitled if he was “qualified”. The Personnel Division, after investigation, concluded that the plaintiff lacked the necessary specialized qualifications to displace the incumbents. Accordingly, the plaintiff was separated on June 26,1953.
He appealed to the Civil Service Commission, contending that he was qualified for any one of the four positions to which he had laid claim. The Examining and Placement Division of the Civil Service Commission investigated these four positions, and others, and reported that the plaintiff was not qualified for them. The Commission denied the plaintiff’s appeal. He then appealed to the Commission’s Board of Appeals and Review, which affirmed the previous decision on May 27,1954. He requested the Commission to reopen his appeal. This request was denied.
Aside from the procedural question which was mentioned at the beginning of this opinion, what the plaintiff asks us to decide is that he was qualified to fill one of the four positions to which he laid claim. The Personnel Division of the Office of the Secretary of Defense, and the Examining and Placement Division of the Civil Service Commission studied *339 tbat question and concluded that lie was not qualified. They are much, more competent to decide such questions than we are and it would be disruptive of good'order for us to undertake the task which the law commits to them. See Ciaffone v. United States, 126 C. Cls. 532, 537.
The defendant’s motion to dismiss the plaintiff’s petition is granted, and the petition is dismissed.
It is so ordered.
Laramoee, Judge; WhitakeR, Judge; Littleton, Judge; and Jones, Chief Judge, concur.