Laeamokb, Judge,
delivered the opinion of the court;
Plaintiff, a veteran’s preference employee of the Navy, sues to recover the difference between the salary of the grade he originally held and the salary of the grade to which he was reduced.
The facts are these: Prior to September 28,1952, plaintiff was employed as a Guard Supervisor, GS-9, at the U.S. Naval Air Station, Quonset Point, Rhode Island. In this position he supervised security operations at the air station and also at the adjacent Davisville Supply Depot. Davis-ville was being converted from a supply depot to a construction battalion center, and was setting up its Own guard force. On or about September 26, 1952, plaintiff was notified of a change of his headquarters from the air station to the Davisville Battalion Center.
By letter dated October 10, 1952, plaintiff was notified of his proposed change to a lower grade, effective November 10,1952, i.e., from Guard Supervisor, GS-9, to Guard Supervisor, CPC-10. This would reduce him in salary from $5,685 to $5,315. The letter was in effect a notification to plaintiff of a reduction in force. Plaintiff appealed this action to the First Regional Office of the Civil Service Com *202 mission, which, agency reversed the Navy’s action on procedural grounds. Plaintiff was thereupon reinstated by the Navy effective retroactively to the date of his demotion and paid the difference in salary.
Under date of December 12,1952, the Navy again notified plaintiff of his proposed reduction in grade “as the result of administrative reorganization.” Pursuant to this notice, the Navy changed plaintiff’s grade as of January 18,1953. However, as a result of an administrative appeal, this action was reversed on the ground that plaintiff had not been advised of his right to a hearing. Plaintiff was thereupon again reinstated as of August 2,1953, but without the difference in pay. He brought suit for the difference in pay in this court[1] and dismissed his petition following administrative settlement.
On August 5,1953, plaintiff was again notified by the Navy of its proposal to change his grade. At plaintiff’s request, a hearing was held by the agency, which decided to reduce plaintiff’s grade effective October 25, 1953. Plaintiff appealed to the First Regional Office of the Civil Service Commission, which, after a hearing, sustained the Navy’s action.
Plaintiff appealed the above decision to the Civil Service Commission’s Board of Appeals and Review, and that office on January 22,1954, affirmed the decision of the First Region.
It is not alleged or proved that this decision was arbitrary, capricious, or not supported by substantial evidence.
With the consolidation of the CPC and GS grades, plaintiff’s position was changed on October 24,1954, from Guard Supervisor, CPC-10, at $5315 per year, to Guard Supervisor, GS-8, at $5370 per year. Then on January 11, 1955, the Navy notified plaintiff of its proposal to change him to the lower grade of Guard Supervisor, GS-7, effective February 21, 1955. This proposal resulted from a reappraisal of the duties of plaintiff’s position, in the light of Classification Act standards. Plaintiff appealed this action to the Civil Service Commission’s First Regional Office, which, on April 12, 1955, sustained the change in plaintiff’s grade.
Plaintiff then appealed to the Civil Service Commission’s *203 Board of Appeals and Beview, which, on June 17, 1955, affirmed the First Begion.
It is not alleged or proved that this decision was arbitrary, capricious, or not supported by substantial evidence.
Thus plaintiff is faced with this situation — the first attempt by the Navy to reduce him in grade resulted in his being paid. The second attempt also resulted in his being paid as a consequence of his filing suit and administratively settling. Therefore, up to this time he has been paid all that possibly could be due him.
The only remaining action that plaintiff could complain of is the agency’s action in changing him from GS-9 to CPC-10 and the second action in downgrading him to GS-8 and later to GS-7. Each of these actions was appealed to the highest level and in each instance the decision of the agency was upheld. Furthermore, in each instance there was a failure of proof that the decision was arbitrary, capricious, or not supported by substantial evidence. The cases are legion, holding that where the procedural requirements incident to an adverse action against an employee are complied with, no court will interfere unless arbitrary action is shown. Adams v. United States, 137 C. Cls. 52; Blackmon v. United States, 128 C. Cls. 288; MacCallum v. United States, 135 C. Cls. 336; Armand v. United States, 136 C. Cls. 339.
On each of the demotions here in question, plaintiff was given at least the necessary 30-day notice. Hearings were had on the agency level and he was given the right of and did appeal to the Civil Service Commission.
Thus, even were we to assume that plaintiff’s petition alleges arbitrary action on the part of the Civil Service Commission (which it does not do) none is shown by the evidence in this case. It is to be noted in this respect that the findings show lack of proof of arbitrary action or that the decision was not supported by substantial evidence. Plaintiff has taken no exception to these findings.
Plaintiff was given all the rights and protection of the Veterans’ Preference Act, 58 Stat. 387, and absent proof of arbitrary action or lack of substantial evidence, the decision of the Civil Service Commission cannot be set aside. Plaintiff’s petition is dismissed.
*204 It is so ordered.
Madden, Judge; Whitaker, Judge; and Jokes, Chief Judge, concur.
FINDINGS OF FACT
The court, having considered the evidence, the report of Trial Commissioner Currell Vance, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff, an employee of the Naval Construction Battalion Center, Davisville, Ehode Island, is a veteran of World War I, having approximately 40 years’ service with defendant.
2. Prior to September 28,1952, plaintiff was employed as Guard Supervisor, GS-9, at the U. S. Naval Air Station, Quonset Point, Ehode Island. In this position he supervised security operations not only at the Naval Air Station but also at the adjacent Davisville Supply Depot. Davisville was being converted from a Supply Depot to a Construction Battalion Center, and was setting up its own guard force. On or about September 26, 1952, plaintiff was notified of a change of his headquarterts from the Naval Air Station to the Construction Battalion Center.
3- By letter dated October 10, 1952, plaintiff was notified of his proposed change to lower grade, effective November 10, 1952, from Guard Supervisor, GS-9, at an annual salary of $5,685, to Guard Supervisor, CPC-10, at an annual salary of $5,315. This letter, which was in terms of a reduction in force, provided in part as follows:
1. The recent transfer of the functions of the Police Division of the Security Department from the Naval Air Station, Quonset Point, Ehode Island, to the Naval Construction Battalion Center, Davisville, Ehode Island, and the subsequent change in the duties and responsibilities of that Division, has resulted in the elimination of the position of Guard Supervisor, GS-9, necessitating the termination of your services in that position.
'4. Plaintiff appealed under section 14 of the Veterans’ Preference Act to the First Eegional Office of the Civil Service Commission. That office, on December 2, 1952, reversed the Navy’s action on procedural grounds. Its decision read in part as follows:
*205 There is no intention on our part to question the right of the Navy Department to assign to the Depot responsibility for its own security and the machinery for carrying out its responsibility, nor is it for us to question the wisdom of such a move. Neither do we suggest that there was anything of a personal nature directed against the appellant. We merely say that it was inappropriate for the Depot at Davisville to bring about the appellant’s change to lower grade by issuing him a notice which purports to be one of reduction in force, when in reality it was not due to or in lieu of reduction in force but because of administrative reorganization and ensuing position classification. We, therefore, hold that Mr. Thompson was not given a proper notice under Section 14 of the Veterans’ Preference Act of 1944, with opportunity to answer and for that reason his reduction in grade and salary cannot be sustained. It is accordingly recommended that he be restored to his former position of Guard Supervisor GS-9 effective retroactively to the date of his change to lower grade.
5. Plaintiff was thereupon reinstated by the Navy, effective retroactively to the date of his demotion, including the difference in pay for that period.
6. Under date of December 12, 1952, the Navy issued to plaintiff a second letter of notification of proposal to change him to lower grade effective 30 days later. This letter read in material part as follows:
As the result of administrative reorganization, the responsibility for the security of the U. S. Naval Advanced Base Depot, has been transferred from the U. S. Naval Air Station, Quonset Point, Rhode Island, to this command. In connection with this reorganization, the duties and responsibilities of the position which you will occupy, as described on position description No. 3049, have been very carefully analyzed and evaluated by the Resident Wage and Classification Office, Newport, Rhode Island, and you are hereby notified that it has been classified as Guard Supervisor, CPC-10.
The classification of this position in the class shown above has been made in accordance with Government-wide classification standards. Both Federal statute and directly applicable decisions of the Comptroller General make classification mandatory and not discretionary with the Department. In view of this legislative requirement, the action proposed to be taken and any ad *206 justment in your salary resulting therefrom, is considered such as will promote the efficiency of the service.
Pursuant to this notice, the Navy changed plaintiff’s grade as of January 18, 1953. However, as a result of an administrative appeal within the Navy, this action was reversed on the ground that the letter of December 12 had not advised plaintiff of his right to a hearing. Plaintiff was thereupon reinstated as of August 2,1953, but without the difference in pay.
7. Plaintiff thereupon filed suit in this court for the difference in pay for the period from January 18 to August 2, 1953. This was petition No. 193-55. Following administrative settlement, this petition was dismissed on plaintiff’s motion.
8. In a letter dated August 5,1953, the Navy again notified plaintiff of its proposal to change him from the grade of Guard Supervisor GS-9 to the lower grade of Guard Supervisor CPC-10. The pertinent part of this letter reads as follows:
As the result of administrative reorganization the responsibility for the security of the IT. S. Naval Advanced Base Depot was transferred from the TJ. S. Naval Air Station, Quonset Point, Rhode Island, to this command. In connection with this reorganization, the duties and responsibilities of the position which you will occupy, as described on position description No. 3049, have been very carefully analyzed and evaluated by the Resident Wage and Classification Office, Newport, Rhode Island, you are hereby notified that it has been classified as Guard Supervisor, CPC-10.
The classification of this position in the class shown above has been made in accordance with Government-wide classification standards. Both Federal statute and directly applicable decisions of the Comptroller General make classification mandatory and not discretionary with the Department. In view of this legislative requirement, the action proposed to be taken and any ad-]ustment in your salary resulting therefrom, is considered such as will promote the efficiency of the service.
You are hereby given at least thirty (30) days’ notice of this proposed change to lower grade.
9. Pursuant to plaintiff’s request, a hearing was held by the agency, which then issued its decision changing plaintiff *207 to the lower grade, effective October 25, 1953. Plaintiff appealed to the First Regional Office of the Civil Service Commission, which, after a hearing, sustained the Navy’s action in a decision rendered December 18, 1953. This decision reads in part as follows :
* * * The course of the demotion here was the transfer of responsibility for security and personnel involved in an administrative reorganization requiring the establishment and classification of the positions as they were to exist after such reorganization was effected. The change to lower grade was the culmination of the classification action required when some of the duties and responsibilities of Mr. Thompson which were his when there was a single security force for both activities were no longer his in the full accomplishment of the reorganization, and no personal factors were involved. The action of the Naval Advanced Base Depot reducing Mr. Thompson’s grade and salary is therefore sustained. We do not recommend any change in the action of the Naval Advanced Base Depot effecting his change to lower grade.
10. Plaintiff appealed to the Civil Service Commission’s Board of Appeals and Review, and that office on January 22, 1954, affirmed the decision of the First Region sustaining plaintiff’s demotion. Its decision read in part as follows:
The Board of Appeals and Review has made a careful study of all the facts in your case. The record discloses that you were transferred to your new duty station as a result of an administrative reorganization within your agency and that your change to lower grade was effected as the result of a classification action required when some of the duties and responsibilities which were yours when there was a single security force for both activities were no longer yours in the full accomplishment of the reorganization. There is no evidence that the transfer and subsequent downgrading action were effected as the result of any personal prejudice, bias or purposeful action to reduce you in grade and pay.
Based upon all the evidence of record it has been determined that the adverse action taken in your case by the agency was for such cause as will promote the efficiency of the service within the meaning of Section 14 of the Veterans’ Preference Act of 1944. Accordingly, the Board has affirmed the previous decision of the First Region sustaining the agency action in your case.
*208 It is not alleged nor proved that this decision was arbitrary, capricious or not supported by substantial evidence.
11. With the consolidation of the CPC and GrS grades, plaintiff's position was changed on October 24, 1954, from Guard Supervisor CPC-10 at $5,315 a year to Guard Supervisor GS-8 at $5,370 a year. Then, on January 11, 1955, the Navy notified plaintiff of its proposal to change him to the lower grade of Guard Supervisor GS-7, effective February 21, 1955. This letter read in material part as follows:
The duties and responsibilities of the position which you now occupy, as described in Position Description No. 3840, have been very carefully analyzed and evaluated by the Resident Wage and Classification Office, Quonset Point, Rhode Island, and you are hereby notified that it has been classified as Guard Supervisor, GS-085-7.
The classification of this position in the class shown above has been made in accordance with Government-wide classification standards. Both the Classification Act of 1949, as amended, and directly applicable decisions of the Comptroller General make classification mandatory and not discretionary with the Department. In view of this legislative requirement, the action proposed to be taken and any adjustment in your salary resulting therefrom, is considered such as will promote the efficiency of the service.
12. Plaintiff appealed to the Civil Service Commission’s First Regional Office on January 17,1955. Following a hearing, that office on April 12, 1955, sustained the change in plaintiff’s grade. The pertinent part of its 9-page decision is as follows:
Based on the foregoing analysis of the issues and on the evidence before us, we are of the opinion that Mr. Thompson’s change to lower grade from the position of Guard GS-8 to Guard GS-7 was for such cause as will promote the efficiency of the service, since his change was due to the classification of his position under appropriate law and applicable standards, that it was therefore warranted and is sustained. We do not recommend any change in the action of the U. S. Naval Construction Battalion Center effecting Mr. Thompson’s change to lower grade.
13. Plaintiff took an appeal to the Civil Service Commission’s Board of Appeals and Review which, on June 17,1955, *209 affirmed the decision of the First Region. Its decision reads in part as follows:
In the light of all the evidence, it has been determined that your change to lower grade was not arbitrary, unreasonable, or capricious, but fully warranted and justified on the basis of your established duties. In your case as in any proper classification, the purpose of the personnel action was to comply with the Classification Act of 1949, as amended, and correctly align the grade of your position with your actual duties and responsibilities. Accordingly, an action effected for this purpose is one that will promote the efficiency of the service within the meaning of Section 14 of the Veterans’ Preference Act.
It is not shown that this decision was arbitrary, capricious, or not supported by substantial evidence.
conclusion of law
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that plaintiff is not entitled to recover, and the petition is therefore dismissed.

 Thompson v. United States, No. 193-55, 133 C. Cla. 979.