Arthur B. DAUB, Plaintiff,

v.

UNITED STATES of America et al., Defendants.

No. 63–C–404.

United States District Court
E. D. New York.

April 1, 1964.

See also D.C., 223 F.Supp. 609.

Joseph Apfel, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for United States of America, Martin Wright, Asst. U. S. Atty., of counsel.

BARTELS, District Judge.

This is a motion by the plaintiff for an order directing the defendants to file a complete and accurate administrative record of the Department of Defense and the United States Civil Service Commission.

This action was instituted pursuant to 5 U.S.C.A. § 1009, to review the decision of the Board of Appeals and Review of the United States Civil Service Commission,[1] dated April 10, 1963. Plaintiff's complaint alleges that on July 30, 1956 he entered the employ of the Department of Defense in the capacity of Subsistence Inspector GS–1905–7, and that on November 9, 1962 he was notified that his employment would terminate on December 10, 1962, by reason of a reduction in force, which resulted in the termination of his employment on December 10, 1962.

On November 15, 1962, plaintiff appealed by letter from that decision to the New York Region of the United States Civil Service Commission upon the ground that the claim of reduction in force was a sham and was a scheme to oust him from his position illegally because of certain incidents occurring while he had attended a study course at Fort Lee, Virginia, and that no reduction in force had occurred but, on the contrary, two individuals were hired to replace him. On December 18, 1962 the Commission's New York Regional Office upheld the action of the Department of Defense, which decision was affirmed by the Board of Appeals on April 10, 1963. Thereafter plaintiff commenced this action.

On August 30, 1963 the record before the Civil Service Commission was docketed in this court. Based upon this record the Government then moved for summary judgment. The court denied the motion upon the ground that plaintiff should have an opportunity to prove his charges, 223 F.Supp. 609. However, in a later decision, the court also denied plaintiff's motion made pursuant to Rule 34, Fed.Rules Civ.Proc., 28 U.S.C.A., for the production of certain documents, stating that discovery was inapplicable in the instant case since review by the District Court was limited to the record below.

Title 5 U.S.C.A. § 861 provides that in any reduction in personnel, competing employees shall be released in accordance with Civil Service regulations which shall give due effect to tenure of employment, military preference, length of service and efficiency ratings. This section applies to all civilian employees [2] in the executive branch except those appointed by the President alone or with the consent of the Senate. Under the regulations issued by the Civil Service Commission [3] it is provided that the employee to be discharged will receive notice and explanation thirty days in advance of the proposed action with

1. Instituted in this district under 28 U.S. C.A. § 1361.

2. Ashley v. Ross, 1951, 89 U.S.App.D.C. 339, 191 F.2d 655.

3. 5 U.S.C.A. § 860 authorizes the Civil Service Commission to promulgate appropriate rules and regulations.

the right of appeal to the Civil Service Commission. The initial appeal must be in writing to the appropriate office of the Commission and should state the reason why the appellant believes the action appealed to be improper (5 C.F.R. § 20.-501(d)). A party can appeal from the initial decision to the Board of Appeals and Review. No hearing is required at any stage,[4] although under Section 20.-505(d) the Board, in its discretion, may permit a party to appear personally and present oral argument and representations.[5] Moreover, the underlying statute not only fails to require a hearing but specifically states "No examination of witnesses nor any trial or hearing shall be required".[6] The complaint sets forth numerous allegations and charges and except for the contention that he is entitled to reinstatement it is not clear what the real basis of his claim is before this court. The present motion, however, seeks only an order directing the defendants to file a complete and accurate administrative record of the Department of Defense and the United States Civil Service Commission.

The record consists of various written materials submitted to the Commission and the Government points out that under the applicable regulations, 5 C.F.R. §§ 20.501–5, no hearing is required at any stage. It is the Government's contention that the docketed record consists of everything considered by the Civil Service Commission and that if this record does not reveal a rational basis for the decision reached by the Commission or if it reveals that the applicable procedural requirements were not complied with, then the plaintiff must prevail and accordingly there is no necessity to supplement the record nor is there any authority for such a procedure.

There is no question as to the authority of the Defense Department to reduce its personnel and 5 U.S.C.A. § 861 merely indicates what the regulations in such a situation must take into consideration. Plaintiff cites no authority for an order supplementing the record below nor has the Court found any. However, Section 10 of the Administrative Procedure Act [APA] (5 U.S.C.A. § 1009) specifically provides in subdivision (a) that any person suffering a legal wrong because of any agency action "shall be entitled to judicial review thereof". The scope of such review is limited in this case by those parts of subdivision (e) of said section which provide that the agency decision may be set aside if arbitrary, capricious or not made in accordance with law, or "without observance of procedure required by law". In reality, the plaintiff by this motion appears to be asserting that he has not been accorded the procedural safeguards to which he is entitled under the statute and regulations concerning the completion of an adequate record. To this extent he may be entitled to a judicial review. See Powell v. Brannan, 1952, 91 U.S.App.D.C. 16, 196 F.2d 871. At such time he will be granted an opportunity and a hearing to show in what respect the record is not complete and in what manner his procedural safeguards have been violated.

Once this issue has been decided this Court has no jurisdiction to pass upon the merits of the case or to consider anything but the record. "Aside from the procedural question which was mentioned at the beginning of this opinion,

---

4. 5 C.F.R. §§ 20.501–5.

5. When discharges, suspensions and reductions in rank are involved, the regulations (5 C.F.R. § 22.401(d)) provide for a hearing at the initial stage. This is due to the requirement in the statute (5 U.S.C.A. § 863) providing that in such a case the aggrieved employee has the right to make a personal appearance or an appearance through a designated representative in accordance with the rules and regulations of the Civil Service Commission.

6. 5 U.S.C.A. § 652; cf., Rosenblum v. United States Civil Service Commission, W.D.Pa.1963, 224 F.Supp. 281 (Commission did not abuse discretion in denying plaintiff a full and fair hearing at each stage of the administrative action involving plaintiff's involuntary retirement under 5 U.S.C.A. § 2251).

what the plaintiff asks us to decide is that he was qualified to fill 1 of the 4 positions to which he laid claim. The Personnel Division of the Office of the Secretary of Defense, and the Examining and Placement Division of the Civil Service Commission studied that question and concluded that he was not qualified. They are much more competent to decide such questions than we are and it would be disruptive of good order for us to undertake the task which the law commits to them. See Ciaffone v. United States, 126 Ct.Cl. 532, 537." MacCallum v. United States, 1956, 135 Ct.Cl. 336, 142 F.Supp. 925, 926–927. The only test then will be whether the action of the agency was arbitrary or capricious. If there was a rational basis for its conclusion, the Court will not substitute its own judgment for that of the administrative agency. Section 10 of the APA, 5 U.S.C.A. § 1009; Eustace v. Day, 1962, 114 U.S.App.D.C 242, 314 F.2d 247. It is obvious also that this Court is not vested with any authority in such review to question the agency's decision as to the need for certain types of employees, Alexander v. United States, 1960, 149 Ct.Cl. 445, nor as to their qualifications, Powell v. Brannan, supra; MacCallum v. United States, supra, nor as to any right to promotion, Cutting v. Higley, 1956, 98 U.S.App.D.C. 288, 235 F.2d 515, and of course, it will not inquire into the merits of a decision to reorganize a division or program of an agency. Umbreck v. United States, 1960, 149 Ct.Cl. 418. To the extent that such issues are implicit in plaintiff's claim he will be foreclosed from asserting them at the hearing.

█ It follows from the foregoing that plaintiff may have the right upon a proper showing to a judicial review as to whether his procedural rights have been violated in connection with the completion of the Commission's record docketed with this Court. But it does not follow from what has been said that this Court has any authority upon motion, to order the Commission's record to be supplemented by particular documents specified by the plaintiff. Accordingly, plaintiff's motion is denied.

Settle order within ten (10) days on two (2) days' notice.