John T. HILL, Plaintiff,

v.

David M. KENNEDY, individually and as Secretary of the Treasury; Randolph Thrower, individually and as Commissioner of Internal Revenue; Ambrose M. Stoepler, individually· and as District Director of Internal Revenue, Detroit, Michigan; John Gardner, individually and as Internal Revenue Service Collection Manager, Detroit, Michigan; Ralph Rekart, individually and as Internal Revenue Service Group Supervisor, Detroit, Michigan; Robert E. Hampton, individually and as Chairman of U. S. Civil Service Commission; L. J. Andolsek and James E. Johnson, individually and as U. S. Civil Service Commissioners, Defendants.

Civ. A. No. 32830.

United States District Court,
E. D. Michigan, S. D.

Jan. 28, 1970.

James B. Feaster, Detroit, Mich., for plaintiff.

James H. Brickley, U. S. Atty., Robert A. Rosenberg, Asst. U. S. Atty., Detroit, Mich., for defendants.

OPINION AND ORDER GRANTING MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT, AND DENYING MOTION FOR STAY, MOTION TO COMPEL ANSWERS, AND MOTION TO AMEND COMPLAINT

KAESS, District Judge.

In this action the plaintiff, John T. Hill, seeks review of a final decision of the Civil Service Commission which upheld the removal of the plaintiff from his position with the Internal Revenue

Service. The defendant is now before the court on a Motion to Dismiss and/or for Summary Judgment, based upon allegations that 1) plaintiff has failed to state a claim upon which relief may be granted, 2) plaintiff's claim is barred by laches, and 3) plaintiff has failed to name the United States as a party defendant.

In response to said motion the plaintiff comes before the court with 1) a Motion for Stay of Defendants' Motion, 2) Motion to Compel Answers at Oral Deposition, and 3) Motion to Amend Complaint.

Plaintiff's Motion for Stay and Motion to Compel Answers are sought in order to stop any further proceedings in this matter until the depositions previously stipulated to by the parties and ordered by the court are completed. The defendants reply maintaining that depositions are not available to the plaintiff in matters such as the case at bar, due to the fact 5 U.S.C.A. § 706, which defines the scope of judicial review, limits such review to the administrative record.

■ The statute in question, 5 U.S. C.A. § 706, states as follows:

*"Scope of review—*

"To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error. Pub. L. 89–554, Sept. 6, 1966, 80 Stat. 393."

A proper interpretation of this statute requires that judicial review be limited to the administrative record. Interstate Motor Freight Lines v. U. S., 243 F. Supp. 868 (D.C.Mich., 1965). Consequently, any additional evidence that might be gained by depositions could not properly be considered by this court in its review of the administrative decision. Daub v. U. S., 227 F.Supp. 941 (D.C. N.Y., 1964). Thus, even if permitted by this court, the taking of depositions by the plaintiff would be an exercise in futility.

Turning now to the defendants' Motion to Dismiss and/or for Summary Judgment, the court reiterates its position that the scope of review pursuant to 5 U.S.C.A. § 706 is limited to a determination as to whether the administrative record demonstrates compliance with required procedures and substantial evidence for the factual determinations. Taylor v. United States Civil Service Commission, 374 F.2d 466 (9th Cir., 1967); Brancadora v. Federal National Mortgage Assoc., 344 F.2d 933 (9th Cir. 1965). Further courts have ruled that removal of a government employee from the executive branch is a matter of discretion which will not be overturned in

absence of a showing that the appropriate procedures were not followed or that the decision is not supported by substantial evidence. Indiviglio v. United States, 156 Ct.Cl. 241, 299 F.2d 266 (1962); Camero v. U. S., 170 Ct.Cl. 490, 345 F.2d 798 (1965).

■ In the present case, the court has thoroughly reviewed the administrative record and has deeply considered the arguments so ably presented by both counsel at the hearing on these motions. As a result of these efforts the court finds that the plaintiff's removal was in accordance with all appropriate procedural requirements and is amply supported by substantial evidence. The court points out that there were six specifications considered on appeal within the agency, any one of which would provide sufficient grounds for the plaintiff's dismissal.

The record discloses that the appeal examiner discounted to some extent the plaintiff's failure to sign a Form 2652 due to inaccuracies. However, the examiner pointed out that the inaccuracies did not completely justify Mr. Hill's refusal to sign the form—that the proper procedure would have been to sign the form under protest and then seek corrective action. The examiner also found that the confusion over the "Seal Rite" case did not amount to an act of insubordination.

The examiner did find, however, that the specifications relating to excessive talking and visiting were supported. Although the plaintiff contends that there was no standard by which he could measure his conduct, the warnings given by his superiors provided a basis for future conduct which was ignored by him. Mr. Hill's desk was moved in hopes of correcting the situation, but to no avail. The record discloses that Mr. Hill knew that his superiors felt that he talked and visited excessively and, further, that he took no steps to correct the situation. Quite to the contrary, the record discloses that Mr. Hill's reaction to his superiors was contemptuous to the point

where he directed both abusive and threatening language against them, thus constituting additional acts of insubordination.

Thus the court finds that there was substantial evidence in support of the examiner's decision and that such decision should stand.

■ Further the court points out that the defendants' Motion to Dismiss on the basis of laches is not without merit. And that, in absence of the previous determination on the merits, the court would be proper in dismissing the plaintiff's action for his failure to bring it timely. See Chiriaco v. United States, 339 F.2d 588 (5th Cir., 1964).

Therefore, It Is Ordered that plaintiff's Motion for Stay and Motion to Compel Answers be denied and that defendants' Motion to Dismiss and/or for Summary Judgment be granted.

Defendants' Motion to Amend Complaint, having been made moot by the foregoing, is hereby denied.