Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues for loss of salary arising from his dismissal as a civil service employee in the Public Health Service Hospital in Fort Worth, Texas.
On March 25, 1949, plaintiff, a veteran of World War I, was given notice of removal from his position with the United States Public Health Service Hospital at Fort Worth, Texas. The removal was to be effective April 27, 1949, but later this date was changed to June 4, 1949. The notice stated that the reasons for his removal were: (1) insubordination, (2) misconduct, (3) adversely affecting station morale and (4) good of the service. Plaintiff was also *388 advised that he was being placed on annual leave, effective 8:00 a. m., Monday, March 28, 1949, and would remain on leave for the period March 28 through April 27 because his retention in a duty status would hamper the operations of the station. This involuntary leave on which plaintiff was put was charged against his accrued annual leave, which was sufficient to cover it.
Plaintiff replied to these charges by letter dated March 30, 1949. On April 5,1949, he was advised that his answer had been carefully considered, that an adverse decision had been rendered and that his removal would be accomplished as stated in the notice.
There followed a series of appeals and hearings. On April 11, 1949, plaintiff appealed to the Fourteenth Civil Service Region, Dallas, Texas. Plaintiff also requested consideration of his case by the agency grievance committee. A hearing was held by this committee and the removal action sustained. Plaintiff’s appeal from this decision was denied.
On June 16 and 17, 1949, the Regional Office of the Civil Service Commission, Fourteenth Region, held a hearing on plaintiff’s appeal, at which time plaintiff was present. The hearing examiner held that notice of the removal was issued 30 days in advance, that it was specific and in detail, that plaintiff had the opportunity to reply, but that, since plaintiff was not kept in an active duty status during the 30-day notice period, the removal was procedurally defective. He specifically reserved comment on the merits of the case.
This decision was appealed to the Civil Service Commission by the hospital authorities. A hearing was held on September 23, 1949, before the Civil Service Board of Appeals and Review, at which plaintiff was represented. This Board upheld the ruling of the hearing examiner.
The hospital officials appealed this decision to the Civil Service Commission. A hearing was held on March 1,1950 by the Commission. Plaintiff was represented. In its appeal, the hospital officials explained to the Commission that the decision to place plaintiff on annual leave during this 30-day notice period was made only after careful consideration by the medical officer, who consulted psychiatrists of the Public Health Service, and that the decision was made be *389 cause it was believed that to permit plaintiff to remain on duty during this period would involve the serious probability of injury to hospital personnel.
On March 7,1950, the Commission reversed the prior rulings and held that the agency’s action in placing plaintiff on annual leave during this period was reasonable and warranted. This ruling explained that the agency’s reasons for not keeping plaintiff on active duty during this period did not have to be included in the removal charges furnished the employee but should have been presented to the Eegional Office of the Civil Service Commission.
Plaintiff protested this ruling, and on May 5,1950, a hearing was held before the Board of Appeals and Eeview, at which plaintiff was again represented. This Board remanded the case to the Fourteenth Eegional Office of the Civil Service Commission for adjudication on the merits. Plaintiff waived further hearing, submitted the case on the record already made, and, on February 13, 1951, the Fourteenth Eegional Office upheld the action of the agency in removing plaintiff from his job.
This decision was appealed by plaintiff and on May 9,1951, another hearing before the Board of Appeals and Eeview was held, at which plaintiff was represented. On August 17,1951, the removal action was upheld by this Board.
Section 14 of the Veterans’ Preference Act, 58 Stat. 387, 390, as amended, 61 Stat. 723 ; 5 U. S. C. 863 (1952), sets out the procedure to be followed before a “preference eligible” shall be discharged. This section reads in pertinent part:
No permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service, or in any establishment, agency, bureau, administration, project, or department, here-inbefore referred to shall be discharged, suspended for more than thirty days, furloughed without pay, reduced in rank or compensation, or debarred for future appointment except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge, suspension for more than thirty days, furlough without pay, or reduction in rank or compensation is sought shall have at least thirty days’ advance written notice (except where there is reasonable cause to believe the employee to be guilty of a crime for *390 which a sentence of imprisonment can be imposed), stating any and all reasons, specifically and in detail, for any such proposed action; such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of such adverse decision: * * *
All procedural requirements were complied with except that plaintiff was deprived of his pay during the time he was placed on annual leave. This period was charged against his accrued annual leave, to which plaintiff was entitled as of right; thus he has been deprived of his pay for this 30-day period. This was done pursuant to the provisions of the Civil Service regulations (5 CFR, 22.2 (c) 1949 ed.). This reads:
Status of employee during period of advance notice. Whether the employee is given thirty (30) days advance notice, under paragraph (a) of this section, or less than thirty (30) days notice under paragraph (a) (2) of this section, he shall be retained in an active duty status during such notice period, except that in cases where the circumstances are such that the retention of the employee in an active duty status may result in damage to Government property, or may be detrimental to the interest of the Government, or injurious to the employee, his fellow workers or the general public, the employee may during the notice period be temporarily assigned to duties in which these conditions would not exist, or placed on annual leave, provided he has sufficient leave to his credit to cover the required period, or placed on leave without pay with his consent. No suspension during such notice period can be effected except as provided in :§ 9.102 (a) (1) of this chapter. The reasonableness of the applications of such exceptions in any case will be considered in connection with the entire case in the event that the employee subsequently appeals from the final adverse decision reached by the administrative officer.
However, there is nothing in the statute which permits this enforced leave to be charged against an employee’s *391 annual leave. The Act says that “no permanent or indefinite preference eligible * * * shall be discharged * * * and the person whose discharge * * * is sought shall have at lease 30 days’ advance written notice.” This means, we think, that he shall have 30 days’ notice in advance of his discharge, which means in advance of his being separated from the payroll. The regulation of the Civil Service Commission quoted above would deprive the preference eligible of this right. It would permit his separation from the payroll eo instante. This is in conflict with the Act and is, therefore, invalid.
We are of the opinion that plaintiff is entitled to recover his salary for this 30 days.
The decision of the Civil Service Commission upholding plaintiff’s discharge is final and conclusive on us, since all procedural requirements were substantially complied with. Section 14 of the Veterans’ Preference Act requires the giving of 30 days’ advance notice, setting forth the charges, in order that the employee might have the opportunity to answer the charges in person and in writing, and to furnish affidavits in support of his answer. The right to answer and to support his answer was the right safeguarded. The fact that he was deprived of his pay for this 30-day period did not deprive him of this right. It did nothing to hinder him in the presentation of his answer to the charges and to deprive him of the opportunity of showing that his discharge was unjustified. All other procedural requirements were complied with. It is for this reason that we say that the procedural requirements were substantially complied with, and, therefore, that his discharge must be upheld. Croghan v. United States, 116 C. Cls. 577; Wittner v. United States, 110 C. Cls. 231; Love v. United States, 119 C. Cls. 486; Eberlein v. United States, 257 U. S. 82; Keim v. United States, 177 U. S. 290.
But the deprivation of his pay for this 30-day period is another matter. He was unlawfully deprived of this pay and we think he is entitled to recover it.
Judgment will be suspended until the incoming of a stipulation of the amount due plaintiff, computed in accordance with this opinion, or, in default of the filing thereof in 30 *392 days, until the incoming of a report of a commissioner showing the amount due.
LittletoN, Judge; and JoNes, Chief Judge, concur.