Andrew KENNY

v.

The UNITED STATES.

No. 120–55.

United States Court of Claims.
March 6, 1956.
Writ of Certiorari Denied
Nov. 5, 1956.
See 77 S.Ct. 131.

Andrew Kenny, pro se.

Lino A. Graglia, New York City, with whom was Asst. Atty. Gen. Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before the court on defendant's and plaintiff's motions for summary judgment.

Plaintiff, a preference eligible, brings suit alleging that he was wrongfully discharged from his position. He was discharged on the ground that he was insubordinate, in that he refused to perform the duties assigned to him. Plaintiff does not deny that he refused to perform the assignments, but says that he should not have been assigned these duties because they were duties to be performed by an employee having a higher rating than he.

■ The Veterans' Administration sustained the charges of insubordination, and also sustained all the specifications of the charges. These specifications set out the instances of insubordination. Plaintiff says this was not a finding of fact by the Veterans' Administration, but plainly it was. It was not necessary for them to repeat verbatim the specifications. A statement that the specifications were sustained is a sufficient compliance with the requirement that the agency shall make findings.

■ Plaintiff appealed to the Civil Service Commission. The chief law officer of this Commission affirmed the removal action, and, after an appeal to the Board of Appeals and Review, this Board affirmed the decision of the chief law officer. The holding of the Civil Service Commission was, therefore, tantamount to a finding that the duties assigned were properly assigned and that when plaintiff refused to perform them, he was guilty of insubordination.

This finding of fact by the Civil Service Commission is conclusive, unless arbitrary or capricious, and will not be reviewed by us. It is not for us to say that these duties should not have been assigned to an employee of plaintiff's grade.

This is the function of the Civil Service Commission vested in it by the Classification Act of 1949, 63 Stat. 954, 5 U.S.C.A. § 1071 et seq. Both the Supreme Court and this court have held a number of times that such findings of fact cannot be reviewed by this court, unless arbitrary or capricious. See e. g., Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Croghan v. United States, 89 F.Supp. 1002, 116 Ct.Cl. 577; Love v. United States, 98 F.Supp. 770, 119 Ct.Cl. 486; Wittner v. United States, 76 F.Supp. 110, 110 Ct.Cl. 231.

■ The Veterans' Administration, however, violated plaintiff's rights, in that they deducted from the annual leave to which he was entitled upon separation the thirty days elapsing between the time he was given notice of the intention to discharge him and the date of his actual discharge. In Taylor v. United States, 131 Ct.Cl. 387, we held this was improper.

Accordingly, plaintiff's motion is granted to this extent only. He is entitled to recover his salary for this thirty days, for which judgment is granted. The amount of the recovery, however, will be determined pursuant to Rule 38(c), 28 U.S.C.A.

Defendant's motion is granted except as to the thirty days' pay due plaintiff, as to which it is denied.

It is so ordered.

JONES, Chief Judge, and LITTLETON, Judge, concur.

LARAMORE, Judge (dissenting).

I respectfully dissent in the above case for the same reasons set forth in my dissenting opinion in the case of Taylor v. United States, 131 Ct.Cl. 387, 392.

MADDEN, Judge, concurs in the above dissent.