Littleton, Judge,
delivered the opinion of the court:
Plaintiff, a veteran, sues to recover back pay to which he alleges he is entitled as the result of twice being illegally removed from his position as an aircraft mechanic with the Naval Air Station at Alameda, California.
He was first employed at the air station on April 10,1946, at the minimum rate of $10.56 per day. He acquired Civil Service competitive status on October 4, 1948, and was later advanced to the maximum rate of $14.48 per day which he was receiving at the time of his removal.
On July 22, 1949, plaintiff was taken into custody by the civil authorities of Alameda County, California, and was soon thereafter committed by the Superior Court of the State of California for that county as a mentally ill person to the California Department of Mental Hygiene for placement in the Agnews State Hospital. Upon learning of his commitment, the authorities at the air station separated bim from the service effective July 29, 1949. Obviously he- was not able to perform his duties. Not being eligible for disability retirement, he was placed on sick leave until that was exhausted and paid in a lump sum for annual leave accrued through August 11,1949.
Early in October 1949, plaintiff was granted an indefinite leave of absence from the hospital. Shortly thereafter he requested reinstatement in his job at the Naval Air Station. That request was refused and plaintiff took an appeal. On March 24, 1950, the Regional Director of the Twelfth Region, United States Civil Service Commission, sustained plaintiff’s appeal under the provisions of section 14 of the Veterans’ Preference Act of 1944, 58 Stat. 390, as amended, 61 Stat. 723; 5 U. S. C. (1952 ed.) §863. The Regional Director held that section 14 was applicable to cases of separation for legal incompetence and that the procedural requirements had not been complied with in effecting plaintiff’s separation. On this separation plaintiff was not given *341 the 30 days’ advance notice required by the statute. Plaintiff was ordered restored in his former position. The commanding officer of the Naval Air Station appealed this decision to the Civil Service Commission’s Board of Appeals and Review, which Board denied the appeal on May 24,1950, and plaintiff was reinstated effective June 28, 1950. On June 17, 1950, plaintiff had received his complete release from the state mental hospital.
Plaintiff’s demand for back pay for the full periods of his separation was denied by the Civil Service Commission. The Commission stated that it had no jurisdiction over matters of pay and in addition pointed out expressly that its decision of restoration in plaintiff’s case did not hold that the restoration be retroactive. The Twelfth Regional Director stated that in view of the circumstances involved in plaintiff’s separation such a recommendation was not warranted.
Following plaintiff’s reinstatement in June 1950, he was placed in several jobs in an attempt to find some job or type of work that he could satisfactorily perform. All such efforts however by the Naval Air Station officials proved to be of no avail. Plaintiff was not able satisfactorily to do the work, and he was once again, on October 14, 1950, separated for cause. Findings 9-12. His last day on active duty was September 13, having been placed on annual leave or leave-without-pay status through October 14, 1950. This separation was upheld by both the Twelfth Regional Office and the Civil Service Commission’s Board of Appeals and Review. Findings 13-15.
Plaintiff asks for the back pay lost during the period of his first separation, July 29, 1949, through June 27, 1950, as well as that lost as a result of the second dismissal from September 13,1950, to date.[1]
With reference to the first separation plaintiff urges two possible theories of recovery: (1) under the Act of June 10, *342 1948, 62 Stat. 355; 5 IT. S. C. (1952 ed.) § 652 (b) (2),[2] and (2) the agency’s violation of the procedural requirements of section 14 of the Veterans’ Preference Act, supra. He asks that the second separation be set aside on the ground that it constituted arbitrary and capricious action on the part of the Naval Air Station authorities. Plaintiff also asks recovery in connection with the second dismissal under the decision in Taylor v. United States, 131 C. Cls. 387, on the grounds that he, like the plaintiff in the Taylor case, was placed on annual leave or a leave-without-pay status during the 30-day notice period.
As for the first separation, defendant takes the position that since the Commission’s decision did not call for retroactive reinstatement, plaintiff’s restoration without back pay fully complied with the decision of the Commission. In addition defendant asserts that plaintiff is not entitled to recover the pay under either theory because he was incapable of, and was, therefore, not ready, willing and able to, perform Ms job at any time pertinent to this case.
With regard to the second separation in September 1950, defendant denies any! arbitrary or capricious action and points to the evidence to support that, position. Defendant urges the inapplicability of the Taylor decision because of the failure of a showing that plaintiff in the instant case in fact had any accrued leave at the time of the receipt of the notice of this separation.
Plaintiff cannot recover the pay alleged to have been lost as a result of the first separation. We hold that recovery on either of the grounds urged requires a showing that the wrongfully separated employee was willing and able to perform his job. The necessity for such a showing is implicit under United States v. Wickersham, 201 U. S. 390. That decision is the leading one, and appears to be the first, in *343 recognizing the right of Federal employees to sue in this court to recover pay lost because of being illegally removed. At page 399 the Court stated:
We see no reason in such an attitude of the case, where the wrongful suspension is clearly established, and the ability of the incumbent to discharge the duties of his office affirmatively found, for withholding from him the compensation given by law to an incumbent of the place. [Italics ours.]
Compare Simon v. United States, 113 C. Cls. 182, 199.
We are of the opinion that recovery may not be had under the June 10,1948 Act, in the absence of this showing.[3] That statute was designed to compensate employees for pay which they would have earned but for the wrongful separation. If the employee was incapable of performing the work for which the pay was to be received, it follows that he has lost nothing which he would have earned but for the wrongful separation.
The evidence in this case negates any such showing. Plaintiff was actually hospitalized in a mental hospital from July 25, 1949, through approximately October 1, 1949, at which time he was granted by the hospital an indefinite leave of absence.[4] However, he did not receive a full release until June 17, 1950. During the entire period pertinent to this case except for the period of his reinstatement, June 28, 1950, through October 14,1950, plaintiff received a disability pension of $60 per month from the Veterans Administration. This was based on a disability rating of 100%. The only evidence in support of plaintiff’s ability to perform is his own testimony to that effect, together with the fact that during the period he periodically requested the Navy to reinstate him. He neither sought nor obtained work elsewhere during the period.
Just what occurred upon plaintiff’s reinstatement supports the view that he was incapable of performing the work. *344 Immediately, difficulties arose. Supervision of plaintiff became impossible, and his tactics became so disruptive of fellow employees that it became necessary to place him on jobs which could be performed apart from them. Such a belligerent and rebellious attitude limited his usefulness and capability and this led to his second removal. Findings 9-12. From the record we are of the opinion that had plaintiff been restored in October 1949, the result would have been the same.
The Navy’s action in separating plaintiff for the second time in September of 1950 was upheld by both the Twelfth Regional Office and the Commission’s Board of Appeals and Review. There has been no showing here of arbitrary or capricious action on the part of the Naval Air Station officials in separating plaintiff. The commissioner of this court has so found, and we adhere to and adopt that finding. Finding 15. Despite his condition and behavior, every reasonable effort was made to place plaintiff in a job which he could perform satisfactorily. In the light of this they had the right to separate plaintiff in so far as this court is concerned provided they exercised an honest judgment and afforded him his procedural safeguards. This being so we have held in numerous cases that a decision by the Civil Service Commission upholding an employee’s dismissal will not be set aside.
However, as our decision in the Taylor case, supra, holds, there was error with regard to plaintiff’s second separation in September 1950, in placing him on annual leave or a leave-without-pay status for the 30-day notice period. Defendant urges the inapplicability of that decision on the grounds that there has been no showing that plaintiff was in fact entitled to any leave at the time of the receipt of the notice of separation. This is immaterial. The notice to plaintiff on September 12, 1950, directed that his last day of active duty would be September 13, and he would be carried on annual leave if accrued, otherwise on aleave-without-pay status until at least October 13. The result in either case would be identical in that plaintiff would be denied pay for the 30-day notice period which our Taylor decision held a separated *345 veteran is entitled to under section 14. The statute is clear and positive.
Plaintiff is entitled to recover his pay for the 30-day period, September 14 through October 13, 1950, and judgment will be entered to that effect. In all other respects he is not entitled to recover. The amount of recovery will be determined pursuant to Rule 38 (c).
It is so ordered.
Whitaker, Judge, and Jones, Chief Judge, concur.

 Plaintiff’s petition also asks judgment for the difference in salary between the minimum and maximum rates for aircraft mechanics from April 10, 1946 to October 4, 1948. No evidence was offered on this point nor was the question briefed, hence we treat this claim as having been abandoned by plaintiff.

 This Act reads in pertinent part as follows: “Any person who is discharged, suspended, or furloughed without pay, under section 863 of this title, who, * * * after an appeal to the Civil Service Commission, as provided under such section, is reinstated or restored to duty on the ground that such, discharge, suspension, or furlough was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such discharge, * * * for the period for which he received no compensation with respect to the position from which he was discharged, * * * less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period.”

 For the background of this Act see the discussion in Simon v. United States, 113 C. Cls. 182, 198. Recovery in this court under that Act has been granted. Green v. United States, 124 C. Cls. 186; O’Brien v. United States, 124 C. Cls. 655.

 Plaintiff in Ms briefs and on oral argument has now conceded that he is not entitled to recover any pay for this period when he was actually hospitalized.