Per Curiam ;
Plaintiff brings this suit under section 14 of the Veterans Preference Act (58 Stat. 387, 390; 5 U.S.C. § 863) for loss of pay for his alleged wrongful discharge. Defendant, after having answered denying the crucial alie- *40 gations of the petition, filed a motion for summary judgment, on the ground that there is no genuine issue as to any material fact, and that plaintiff is not entitled to recover as a matter of law. It says he is not entitled to recover as a matter of law for two reasons: first, that he is collaterally estopped by a judgment of the District Court for the District of Columbia, affirmed on appeal by the Court of Appeals; and, second, that the action of the Civil Service Commission in upholding his discharge is final, in the absence of a showing that this action was arbitrary, capricious, or otherwise unlawful, and that there is no such showing.
Plaintiff replies that his suit is not barred by collateral estoppel, because, he says, the issue presented to, and decided by, the District Court and the United States Court of Appeals was not the same as the issue here, and that there were no findings of fact by the District Court.
Second, he says that the action of the Civil Service Commission was arbitrary and capricious, because it held that the failure of plaintiff to prove the charges he had made justified his dismissal; that some of the charges were based on information he had given an inspector investigating the case, and that this was privileged; and that there was no substantial evidence to support the findings and decision of the Commission.
We do not think defendant’s motion based on collateral estoppel can be sustained. Plaintiff’s complaint in the District Court was based alone on procedural defects. There was no allegation that the findings of the Civil Service Commission were arbitrary or capricious or otherwise unlawful. The judgment of the District Court did not assign any reason for dismissing plaintiff’s complaint. The per euriam opinion of the Court of Appeals merely said: “There is nothing to suggest that he had in any wise been overreached,[1] or that there has been such a denial of procedural benefits as appellant might have been entitled to receive.” In a footnote it is stated: “The record is not sufficiently clear to *41 preclude a decision on the merits. Thus, we do not here dismiss.” [sic]
It is clear the case was not considered on its merits. In the case here, plaintiff attacks the findings of fact and law of the Civil Service Commission, upholding his discharge, and says they were not supported by substantial evidence or were otherwise arbitrary and capricious. It seems clear plaintiff is not collaterally estopped to maintain this suit.
In order to pass upon plaintiff’s allegation of arbitrary or capricious action by the Civil Service Commission it will be necessary for us to state some of the facts.
Plaintiff was the chief of the Appraisal Section of the Federal Housing Administration in Honolulu. George V. Whisenand was the Chief Underwriter, and J. Stowell Wright was the Director and in charge of the agency. Both men were plaintiff’s superiors.
For some reason — just what is not clear — plaintiff asked Wright’s superior, the Director of Region Y in San Francisco, of which Honolulu was a part, to send out an investigator to inquire into the conduct of Chief Underwriter Whisenand. An inspector by the name of Woods was sent out from that office. When Woods contacted plaintiff, he made some very serious charges, not only against Mr. Whisenand, but also against Director Wright. These charges, as set out in Woods’ report, may be summarized as follows: Both Wright and Whisenand are incompetent to hold their positions. While Mr. Wright is honest, he is gullible, and Mr. Whisenand is a liar and a cheat. Both men have been aggressively and continually building up a case against plaintiff. The valuation section, of which plaintiff was the head, has been by-passed; their reports have not been included in the file of the case or have been reworked. Mr. Whisenand associated with people “eom-munistically inclined”, and Mr. Wright failed to report that a Mr. McCurry was a sexual pervert, of which fact he had knowledge.
Mr. Woods made an extensive investigation of the charges and on January 4, 1954, made his report to the Assistant Commissioner, Underwriting, of FHA, completely exoner *42 ating both. Wright and Whisenand. After setting out the charges plaintiff had made to him against Wright and Whisenand, Mr. Woods commented on each charge, and, in conclusion, said in part:
1. There is no evidence to justify an allegation of incompetency against either Director Wright or Chief Underwriter Whisenand.
* * * * *
8. There is no evidence, and no valid reason to believe, that either Mr. Wright or Mr. Whisenand is a liar or cheat.- These gentlemen deserve complete confidence in their competency, honesty and integrity.
Before this report had been reduced to writing, but perhaps after the nature of it had been disclosed to Mr. Wright, he placed plaintiff on enforced leave. Thereupon, on December 29,1958, plaintiff wrote a letter to the Administrator of the FHA in Washington, in which he stated he had been placed on annual leave by the Director, and that he assumed that this was caused by his statement to Mr. Woods that he intended to prefer charges against Wright and Whisenand, “the proving of which would automatically show them to be unfit to hold their present offices.” His letter proceeds:
Those charges, but only in part, are set forth below.
Mr. Wright is unfit to hold his office because—
1) His record during the six years that I know of has been characterized by shameful indolence, gross neglect of duty, incredible gullibility [sic], and the exercise of authority in an arbitrary, capricious and abusive manner.
‡ H* ‡ $ H*
He enumerates four other charges, among which were the withholding of pertinent information about an employee suspected of being a security risk and the misuse of public funds.
With respect to Mr. Whisenand he said he was a “liar and a cheat”, that he had conducted a campaign of villification against plaintiff built entirely on falsehoods, and he made other charges against him.
Shortly after receipt of Mr. Woods’ report, the Director of Personnel of FHA wrote plaintiff, notifying him that it *43 was proposed that he be separated from the service, because he had made these charges against his superiors, which had not been sustained on investigation.
This initial step in the separation process was set aside by the Civil Service Commission, because the charges were not sufficiently specific, but about six months later, on July 8, 1954, following plaintiff’s reinstatement, specific charges were preferred. These charges were that plaintiff had made the charges against Wright and Whisenand, as contained in his letter above referred to, and further that he had made four of the eight charges detailed by Mr. Woods in his report. It was further charged that plaintiff had been unable to sustain the charges made, and that they could not be sustained. For this reason it was proposed to dismiss him.
In due course plaintiff was discharged. He took an appeal to the Civil Service Commission. The Commission heard a number of witnesses pro and con and later decided the case on its merits. The Twelfth Region held that the agency was justified in discharging plaintiff. The Board of Appeals and Review affirmed on appeal without opinion.
This decision is conclusive unless it was, for some reason, contrary to law or was arbitrary or capricious, as shown by the fact that it was not supported by substantial evidence, or in some other way. Kenny v. United States, 134 Ct. Cl. 442, cert. denied 352 U.S. 893; Armand v. United States, 136 Ct. Cl. 339; Adams v. United States, 137 Ct. Cl. 52; Thompson v. United States, 145 Ct. Cl. 200.
If we assume that the predicate laid down by the Commission for its decision, as set out therein, is correct, it is not possible to say that its action was arbitrary or capricious, for the Commission evidently gave careful, detailed, and unbiased consideration to the case, and a review of the record clearly shows there was substantial evidence to support its findings.
We are, however, somewhat troubled by the “principles on which” the Commission said, “our review and our decision in this case are based * * ..
We wish we could set out the Commission’s full statement of the principles upon which it based its decision, but it is too *44 long. We must content ourselves with quoting the following two paragraphs:
The issue in this case is quite clear in spite of the difficulty in determining whether the appellant has proved his specific charges. The appellant accuses two supervisors of serious indiscretions. The agency, in reply to his charges, has in effect said the charges he has made were not substantiated after investigation by an agency official. The agency has, as a result of this determination, preferred charges against the appellant for apparently having falsely accused Ms supervisors. The charges brought by the appellant seriously reflect on the integrity and/or administrative ability of both supervisors. It is quite apparent, if we do not believe the appellant has sufficiently carried his burden of the evidence, that his removal is justified.
In matters such as this, where the agency has charged its employee with bringing unsupported and unsupportable charges against a supervisor, the burden of proof rests on the appellant to show the charges he has made are true, and further, it is encumbent upon such an ap-B" it to provide us with the evidence on which he has his charges. We are not required to accept from the appellant general allegations, with the implication that we are to investigate to determine whether the allegations are true or false. On the contrary, we believe that in order to show good faith, the appellant should be possessed of all the evidence necessary to prove his case at the time he made his allegations against his supervisor or supervisors. [Italics ours.]
It will be seen that the Commission took the position that in order for plaintiff to prevail, he must show that the charges he made against his superiors were true.
If the proceedings before the Commission had been a suit for slander or libel, it may be that the Commission’s statement of principles was in error. A Government employee who honestly believes that he has information of misconduct on the part of a fellow employee, whether his superior or not, that is injurious to the public interest, and has a reasonable basis for that belief, may, if he acts in good faith and not maliciously, divulge his information to the proper official, without liability for slander or libel if the information turns out to be incorrect. Newell, Slander and Libel (4th Ed.) sections 421, 422, 432; Washington Times Co. v. Bon *45 ner, 86 F. 2d 836; Hamilton v. United States Pipe & Foundry Co., 213 F. 2d 861; Hodgkins v. Gallagher, 122 Me. 112, 119 Atl. 68; Sinclair Refining Co. v. Fuller, 190 Ark. 426, 79 S.W. 2d 736; Peoples Life Ins. Co. v. Talley, 166 Va. 464, 186 S.E. 42.
But whether the facts in this case bring it within the privilege, as above defined, we do not need to decide. The action before the Commission was not one for slander or libel, but one to determine whether or not plaintiff’s discharge promoted the efficiency of the service. The question is, was the Commission, in such a proceeding, justified in saying that the employee’s inability to sustain the grave charges he had made against his superior justified his dismissal. On this issue, in concluding its 25-page opinion, the Commission said:
As indicated on page 3 of this analysis, we are of the opinion that the burden of proving his charges against both supervisors rested upon appellant. Since we_ believe Mr. Houston failed to sustain his allegations against Mr. J. Stowell Wright, we are forced _ to conclude the Federal Housing Administration was justified in removing him. In arriving at our conclusion we considered the seriousness of the charges preferred by appellant against his superiors, and we think the failure to prove the charges is indicative of a serious lack of judgment and total disregard for respect for authority on appellant's part. [Italics ours.]
The task of this court is not to say whether or not we think this to be a sound conclusion; our task is to decide whether it is erroneous as a matter of law, or arbitrary or capricious. Congress has vested in the Civil Service Commission jurisdiction to determine whether the rights of employees to their jobs have been infringed; not in us. We can only interfere when the Commission acts contrary to law or arbitrarily or capriciously.
Congress has said in section 14 of the Veterans Preference Act, supra: “No permanent or indefinite preference eligible * * * shall be discharged * * * except for such cause as will promote the efficiency of the service * * It has set up the Civil Service Commission to see that this injunction is obeyed. This Commission has said that where an em *46 ployee charges Ms superior with being “unfit to hold Ms office” because Ms record in office has been characterized “by shameful indolence, gross neglect of duty, incredible gullibility [sic], and the exercise of authority in an arbitrary, capricious and abusive manner,” and then cannot prove these charges after an inspector has been sent out to investigate them, and after a full hearing before the Civil Service Commission, in such case, the Commission has said that the discharge of such an employee will promote the efficiency of the service.
Can we say that this decision was erroneous as a matter of law, or was arbitrary or capricious ? We cannot. What law does it violate ? Why is it arbitrary or capricious ? We may disagree with it, but it is not so unreasonable as to be a mere whim or caprice.
That is the first question this court must decide: Was it contrary to law or arbitrary or capricious ? Having decided that question in the negative, we have no jurisdiction to inquire into the matter further.
Defendant’s motion for summary judgment will be granted, and plaintiff’s petition will be dismissed.
It is so ordered.

 Plaintiff claimed that he was dissuaded by defendant’s agents from Insisting on an oral hearing before the Board of Appeals and Review of the Civil Service Commission.