875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
VAR-KEN, INC., d/b/a the Plymouth Rock Saloon; Janet
Glover, individually and as next friend of Jill
Glover, minors; Robert A. Crawford;
and Elbert L. Hatchett
Defendants-Appellees.
 No. 88-1251.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1989.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, United States of America (IRS), has appealed the decision of the district court in favor of defendant-appellees,[1] in this action to enforce a levy and to foreclose on funds assertedly owned by Elbert Hatchett (Hatchett). The record disclosed the following facts.
 
 
 2
 The IRS had obtained two tax deficiency judgments totalling $687,267 against Hatchett, a Michigan attorney, in the United States District Court for the Eastern District of Michigan (E.D.Mich.--Nos. 86-CV-72072-DT, 83-CV-5712-DT).
 
 
 3
 In January of 1984, as legal counsel for Janet Glover (Glover), Hatchett commenced a wrongful death action resulting from the death of her husband against Var-Ken, Inc., d/b/a The Plymouth Rock Saloon (Var-Ken), in the Wayne County Circuit Court of the State of Michigan, pursuant to the Dram-Shop Act. MCLA Secs. 436.22 et seq. On August 3, 1984, in an effort to satisfy part of its tax lien against Hatchett, the IRS served a notice of levy on Var-Ken, purusant to 26 U.S.C. Sec. 6331, demanding payment over to the IRS of attorneys fees which would inure to Hatchett as a result of his legal representation of Glover. On May 3, 1985, subsequent to the IRS levy against Var-Ken, Hatchett and Robert E. Crawford (Crawford), another Michigan attorney, by a stipulated order in the pending wrongful death litigation, entered Crawford's name as counsel of record for Glover replacing Hatchett and the law firm of Hatchett, Dewalt, Hatchett, and Hall as plaintiff's counsel. The case was subsequently settled in January of 1987 for $240,000, of which $80,000 was approved for attorneys fees.
 
 
 4
 On August 26, 1987, the IRS instituted the instant action, pursuant to 26 U.S.C. Secs. 7401 and 7403, against Glover, Var-Ken, Hatchett, and Crawford to enforce its lien against the $80,000 fee which Var-Ken had paid into the Wayne County Circuit Court, charging that the stipulated order between Hatchett and Crawford was a sham designed to circumvent collection of the IRS judgments outstanding against Hatchett. On September 28, 1987, the IRS diligently sought discovery by serving a notice to depose and to obtain documents from Glover. The Glover deposition scheduled for November 2, 1987 was continued at Crawford's request citing his busy schedule. On November 10, 1987, before the Glover deposition and additional discovery could be rescheduled, Crawford filed a motion for summary judgment, seeking to dismiss this action wherein he asserted that Hatchett had no right or interest in the awarded attorneys fees because he had been replaced as legal counsel for Glover before the litigation had been concluded and, in the alternative, Crawford, invoked MCLA Sec. 449.25 which placed entitlement to the fees in controversy in the law firm of Hatchett, Dewalt, Hatchett, and Hall rather than Hatchett personally.
 
 
 5
 On December 21, 1987, at the conclusion of arguments, the district court granted Crawford's motion for summary judgment and dismissed the case from the bench. The district court concluded that "on the undisputed facts thus far, ... [the law firm of Hatchett, Dewalt, Hatchett, and Hall] has totally waived the fees in question and Mr. Crawford is entitled to them as a matter of contract; and secondly, Michigan law would have prohibited [the IRS from] pursuing this fee even if Mr. Hatchett's partnership had had the entitlement. Under MCLA Sec. 449.25, the partner's right in specific property is not subject to attachment, except on a claim versus the partnership."
 
 
 6
 On December 30, 1987, the IRS filed a motion to alter, amend or vacate the district court's judgment arguing that, pursuant to Rule 56(f), it had been precluded from conducting discovery proceedings to verify evidence already within its knowledge of the alleged fraudulent collusion between Crawford and Hatchett in executing the controversial stipulation replacing Hatchett as counsel of record and in organizing the law firm of Hatchett, Dewalt, Hatchett, and Hall.
 
 
 7
 Under Federal Rules of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Pollack v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552-53 (1986) (emphasis added).
 
 
 8
 When the district court grants summary judgment before the parties have any opportunity to discovery, it is an abuse of discretion. Vega v. First Federal Savings & Loan Assocation of Detroit, 622 F.2d 918 (6th Cir.1980). The court in Vega stated:
 
 
 9
 This opportunity for discovery is even more critical in cases such as this one where the defendant possesses all of the relevant information. Only through discovery can it be determined whether a material factual issue exists which precludes summary judgment. In this case, the Vegas were denied the opportunity to pursue relevant avenues of inquiry concerning the settlement costs imposed by First Federal. Accordingly, we believe that summary judgment was inappropriate.
 
 
 10
 Id. at 926. Entertaining a motion for summary judgment in a case of fraud is particularly inappropriate without the opportunity to pursue discovery. Washington v. Cameron, 411 F.2d 705 (D.C.Cir.1969); Costlow v. United States, 552 F.2d 560, 564 (3d Cir.1977) ("Where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.").
 
 
 11
 In the case at bar, the gravamen of the IRS charge was the fraudulent substitution of Crawford as attorney of record in the Glover litigation and/or the fraudulent representations concerning the existence of a fictitious law firm which charges the trial court should have permitted to be more fully explored and developed through appropriate discovery proceedings.
 
 
 12
 Moreover, the district court abused its discretion in denying the IRS' motion to amend, alter or vacate the order granting summary judgment because the IRS had properly supported its need for further discovery in order to respond to Crawford's motion for summary judgment by affidavits and other documentary evidence.
 
 
 13
 Accordingly, the judgment of the district court granting summary judgment in favor of defendants is hereby REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 Defendant-appellees are Var-Ken Incorporated, Janet Glover, individually and as a next of friend of Jill Glover, minor, Robert A. Crawford (Crawford) and Elbert L. Hatchett (Hatchett). The defendants will be referred to as Crawford since he is the primary party arguing on behalf of the defendants